Tilghman C. J.
It appears by the record that in the court below, the president was requested to file his notes taken during the trial, in order that they might be sent up with the record. This was refused, and undoubtedly the defendant had no right to ask it. In many instances the judge’s notes have been sent up, but it has always been, as I conceive, with consent of both parties, which, in this case was not given, for the plaintiffs opposed it. This practice has been introduced to save trouble, and in that respect it has its use. But it has never been encouraged by this court.. On the contrary, we have frequently expressed our disapprobation of it; because it presents a mass of useless matter, which must be separated from that which is relevant, and thus increases the labour and expense of the proceedings. When it is intended to have the opinion of the Court of Common Pleas reviewed here, it should be the object of the counsel, to have the necessary evidence stated as clearly and concisely as possible, and no more need ever be stated1 than is necessary for the elucidation of the opinion to which exception is taken. The notes of the judges are taken in haste ; they contain not only the evidence, but the arguments of counsel, and a short memorandum of every thing which passes at the trial. They are intended to assist the memory. Almost every man has his own way of note taking, because every man knows best how to assist his own memory. But from their nature they are imperfect, and not such as a judge might wish to submit to the inspection of a superior court. It is very clear, therefore, that we have no right to compel the judges of the Common Pleas, to tack papers of this kind to the record. But the counsel for the plaintiffs in error, now say, that they do not ask the notes. They only request that the evidence on which the charge of the court was founded, may be sent up, in order that the charge may be fully understood. The mandamus_ is objected to, by the counsel for the defendants in error, 1st. Because before a mandamus issues, it should be shown, that the court below has been requested to state the evidence, and refused it. 2d. Because that court is not required by law to do any thing more than reduce their opinion to writing and file it. To this it is answered, that by the act of February, 1806, the president of the court is directed, by necessary implication, to state the evidence, and’that when the defendant requested him to re *433 duce his opinion to writing, it was to be understood, that the request extended to the evidence also. Before the making of the act of February, 18.06, the only way of obtaining a review of opinions given during the trial, was by bill of exceptions, which contained a statement of so much of the evidence as was necessary for the understanding of the opinion. These bills were always prepared by the counsel, and submitted to the court, by whom they were sealed, when they were satisfied that they were drawn according to the truth. The act of February, 1806, directs, that in all cases the judge who delivers the opinion of the court, shall, if required by either party, “ reduce the opinion so given, with his reasons there- “ for, to writing, and fie the same of record in the cause.” Here is no other injunction than to reduce the opinion to writing and file it: And there is nothing in the act which prevents the counsel from taking an exception, and proceeding by bill of exceptions if he thinks proper, although the opinion of the judge is filed. So that the evidence may always be introduced, whether contained in the judge’s opinion or not. I should think, however, that in order to give the act of assembly its full effect, it would be the duty of the court, if required, to permit the necessary evidence to be placed on the record, without a formal tender of a bill of exceptions. But this request should be made immediately on the delivery of the opinion, and the statement of the evidence should be prepared by the counsel, and submitted to the court, in the same manner as in a bill of exceptions. The act of assembly never could have intended to impose on the court a labour almost impossible to be performed. I see no pretence for such a construction, as there is not one word like it in the law. That a judge should write his own opinion, is proper. But that he should be obliged to make -a transcript of all the evidence referred to in his charge, is unreasonable. I am therefore of opinion, that the motion for a mandamus should be rejected.
Yeates J. concurred.
Brackenripge J. concurred.
Mandamus rejected.