The opinion of the'court was delivered by
Tilghman, C. J.
As to that part of the motion which respects the filing of the whole charge delivered to the jury, the point has been this day decided in the negative, in the case of Reigart, &c. in error, v. The President of the Orphans’ Court of Dauphin county,* to the opinion in which ease I refer, without repeating it. It remains to be considered, whether the plaintiff in error has a right to request of the judge, that a copy of the evidence taken by him, should be transcribed, and annexed to the record. By the act of the 24th. of February, 1806, section 25, the judge who delivers an opinion is directed to reduce it to writing, with his reasons, and file it, at the request of either party; but he is not directed to reduce the evidence to writing, and indeed it would be a labour impossible for him to undergo. Nevertheless, it may be necessary, in order to understand the opinion of the judge, thát so much of the evidence should be placed on the record, as is necessary for that purpose. But on whom does the task of reducing it to writing devolve? It is said by the plaintiff in error, that it had been already reduced to writing by the judge, and would appear in his notes, so that nothing was wanting but to annex those notes, or a copy of them, to the record. But this court has frequently protested, and particularly in the case of Bassler v. Niesley and others. 1 Serg. & Rawle, 431, against the lazy and inconvenient practice of sending up the judge’s notes with the record. Indeed, it is by'no means certain that these notes contain an accurate statement of all the evidence, as judges frequently omit parts, which, at the moment appear to them to be immaterial, although on reflection they might alter their opinion on that point. *127 And certainly the counsel on both sides should have an opportunity of examining and objecting to the statement of the evidence made in the judge’s notes. I think the question before us, on this motion, was expressly decided in the case of Bossier v. Niesleyt &c. It was there said, in the, opinion delivered by this court, “ that in order to give the act of assembly its full effect, it would be the duty of the judge, if required, to permit the necessary evidence, to be placed on the record, without a formal tender of a bill of exceptions. But this request should be made immediately on the delivery of the opinion, and the statement of the evidence should be prepared by the counsel, and submitted to the court, in the same manner as in a bill of exceptions. The act of assembly never could have intended to impose on the court, a labour almost impossible to be performed. That a judge should write his own opinion is proper; but that he should be obliged to make a transcript of all the evidence referred to, is unreasonable.” Here, then, a plain rule was laid down, for the direction of counsel who might desire the evidence to be placed on the record. The present motion is in direct opposition to that rule. Its object is, to compel the judge, by mandamus, to send up a copy of his notes. It is the opinion of the court, that there is no reason for granting the motion, and therefore it should be rejected. -
Mandamus denied.

Ante, page 121.